UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Gagandeep SINGH and
Sukhraj Preet KAUR,

    Plaintiffs,

vs.

Alejandro MAYORKAS,
in his official capacity as
Secretary of the U.S. Department of Homeland Security;

Merrick GARLAND,
in his official capacity as
Attorney General of the United States;

Tracy RENAUD,
in her official capacity as
Acting Director of U.S. Citizenship and
Immigration Services;

Denis RIORDAN,
in his official capacity as
District Director of U.S. Citizen and Immigration
Services for District 1;

and

Kristen M. SMITH,
in her official capacity as
Field Office Director for Lawrence Field Office of
U.S. Citizen and Immigration Services,

    Defendants.

Civil Action No: _____

Case No: _____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURES ACT

    NOW COMES Plaintiffs Gagandeep Singh ("Plaintiff" or "Mr. Singh") and Sukhraj Kaur ("Plaintiff" or "Ms. Kaur") and complain of the defendants as follows:

## NATURE OF THE ACTION

1. Plaintiffs Mr. Singh and Ms. Kaur have been married since February 26, 2019. Ms. Kaur, a naturalized United States citizen, filed the instant USCIS I-130 Petition for Alien Relative ("I-130 Petition") on behalf of her husband, Mr. Singh on April 5, 2019.

2. On March 17, 2021, Ms. Kaur's I-130 Petition was denied by the United States Citizenship and Immigration Services ("USCIS") because USCIS determined that Mr. Singh was ineligible to be classified as an immediate relative pursuant to Section 204(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1154(c). Section 204(c) provides:

> Notwithstanding the provisions of subsection (b) of this section no petition shall be approved if
>
> (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or
>
> (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

3. The couple appealed the adverse decision to the Board of Immigration Appeals ("BIA" or "Board") on April 9, 2021.

## JURISDICTION

4. This is an appeal from the March 17, 2021 decision of the Field Office Director of the Lawrence Field Office of the USCIS denying the I-130 Petition filed by Ms. Kaur, which was filed in accordance with INA § 204 on behalf of her spouse, Mr. Singh.

5. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

6. The Administrative Procedures Act (APA) provides a cause of action and allows for a waiver of sovereign immunity. 5 U.S.C. § 702.

## STANDING

7. The APA provides the right of review for any individual "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's I-130 Petition has adversely affected his ability to obtain LPR status in the United States. Plaintiffs thus falls within APA's standing provisions.

## VENUE

8. Venue lies in the District of Massachusetts because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Massachusetts. 28 U.S.C. § 1391(b). Moreover, Massachusetts is the judicial district in which the Plaintiffs reside and the Defendants routinely conduct business. 28 U.S.C. § 1391(e).

## PARTIES

9. Plaintiff Mr. Singh is a native and citizen of India and is the beneficiary of the I-130 Petition filed by his United States citizen wife, Ms. Kaur.

10. Plaintiff Ms. Kaur is a naturalized citizen of the United States and is the petitioner who filed the 2019 I-130 Petition on her husband's behalf.

11. Defendant Alejandro Mayorkas is sued in his official capacity as the Secretary of the Department of Homeland Security ("DHS"). In this capacity, he is responsible for, among other things, administering and enforcing the nation's immigration laws. 6 U.S.C. § 251. He is also authorized to delegate such powers and authorities to subordinate employees of DHS, including, but not limited to, USCIS.

12. Defendant Tracy Renaud is sued in her official capacity as the Acting Director of USCIS. She is charged with supervisory authority over all operations of USCIS. In this capacity, she is responsible for the adjudication of the petition the Plaintiffs filed.

13. Defendant Denis Riordan is sued in his official capacity as the District Director of USCIS's Boston District Office. He has the responsibility for the adjudication of immigration applications and petitions, such as the one filed by Ms. Kaur.

14. Defendant Kristen M. Smith is sued in her official capacity as the Lawrence Field Office Director of the USCIS. In this capacity, she is responsible for the adjudication of the petition the Plaintiffs filed.

15. Defendant Merrick Garland is sued in his official capacity as the Attorney General of the United States, the head officer in the Department of Justice ("DOJ"). He is an official generally charged with supervisory authority over all operations of the DOJ under 28 C.F.R. § 0.5. In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. § 1103.

## FACTS

16. Prior to his marriage with Ms. Kaur, Mr. Singh had been married to Ms. Maimie Iris Johnson-Jones ("Ms. Johnson-Jones"). The couple met when Mr. Singh was a student in the master's program at Southern New Hampshire University. They met in October of 2010 and after dating for approximately one year, they married on November 3, 2011 in New Hampshire. Ms. Johnson-Jones subsequently filed an I-130 Petition for Alien Relative ("Johnson-Jones I-130 Petition").

17. On January 21, 2014, Ms. Johnson-Jones and Mr. Singh were scheduled to appear at an interview at the USCIS field office in Los Angeles, California. Mr. Singh had received a

temporary contract work position at Red Bull in Los Angeles, California and the couple and decided to wait until the offer became permanent before they all moved there. Therefore, prior to the interview, Ms. Johnson-Jones, her mother, and her child flew to Los Angeles prior to the interview.

18. At the interview, Ms. Johnson-Jones was questioned by an adjudicator who told her that he was under the impression that the marriage was a sham, largely due to the fact that at that time, they had been temporarily living on opposite coasts. He pressured her to sign a statement that the marriage was fraudulent and that she and the petitioner had never consummated the marriage. The adjudicator informed her that she and her husband would both go to prison if she did not write such a statement.

19. Ms. Johnson-Jones signed a statement that said: "I have not lived with Gagan and we have never had sex." She also had to withdraw her petition.

20. Mr. Singh lost his job and Ms. Johnson-Jones had just quit hers to move to Los Angeles so they decided to move back to Massachusetts and live at her mother's home until they could find new jobs and a new apartment.

21. Knowing that the interview had been a large misunderstanding, Ms. Johnson-Jones re-filed the I-130 Petition just a few weeks later.

22. They were scheduled for an interview at the Manchester Field Office. During the interview, they were able to answer every question, but the officer concluded the interview by informing them that they would never be approved because the previous petition had been deemed fraudulent. Nevertheless, the adjudicator issued a Request for Evidence, which they responded to. During that time, Ms. Johnson-Jones found out that she was pregnant, and they submitted the sonogram photos as further proof of their marriage.

23. Ms. Johnson-Jones gave birth to a son, Moses at the Saint Elizabeth Medical Center on July 26, 2015.

24. The couple was then scheduled for a third interview with USCIS on September 17, 2015. Though they had planned on attending this interview, Ms. Johnson-Jones' step-father was hospitalized for a heart attack in Connecticut and the couple travelled to visit him in the hospital.

25. The interview was then re-scheduled for October 9, 2015. A few days prior, Ms. Johnson-Jones was committed to a psychiatric hospital for post-partum depression and mental health evaluation. While there, she was also diagnosed with Bipolar disorder. Mr. Singh appeared at the interview, with paperwork from the hospital confirming her stay, and requested that the interview be re-scheduled.

26. Instead, USCIS issued a Notice of Intent to Deny the second I-130 Petition. The couple timely responded to the request with additional evidence to attest to the validity of the marriage.

27. The couple's relationship significantly deteriorated at this time due to stress and uncertainty about Mr. Singh's immigration status and Ms. Johnson-Jones's diagnoses. The couple separated and in November of 2016, Mr. Singh departed to India for approximately one month.

28. While Mr. Singh was in India, the Department of Children and Families (DCF) had found out about Ms. Johnson-Jones' diagnosis and opened an investigation into her fitness as mother of Moses on November 14, 2016. She had not informed DCF of her marriage to Mr. Singh because she wanted to prove her fitness without placing further stress on him and their marriage. Instead, Ms. Johnson-Jones's mother informed Mr. Singh of the DCF investigation, and he petitioned for custody of their son, Moses.

29. During the custody battle, Ms. Johnson-Jones disclosed her affair with her mother's tenant to her mother. She informed Mr. Singh that he should take a paternity test to determine who Moses's father was.

30. The Complaint to Establish Paternity was filed with the Suffolk County Probate and Family Court Department and it was determined that Mr. Singh was not Moses' father. He relinquished custody to Ms. Johnson-Jones' mother, Deborah B. Johnson.

31. As their marriage had irretrievably broken down by then, Ms. Johnson-Jones filed to withdraw the second I-130 Petition. On January 6, 2017, Ms. Johnson-Jones received a Decision, acknowledging that the second I-130 Petition had been withdrawn.

32. Mr. Singh was placed in removal proceedings on the same day upon the filing of a Notice to Appear (Form I-862) with the Executive Office for Immigration Review in Boston, Massachusetts. On October 15, 2019, Immigration Judge Mario J. Sturla at the Boston Immigration Court terminated removal proceedings, finding that DHS had not met its burden of proof in sustaining the charge of removability.

33. Mr. Singh petitioned for divorce from Ms. Johnson-Jones on October 31, 2017. Mr. Singh's divorce from Ms. Johnson-Jones was finalized on August 7, 2018.

34. Mr. Singh married Ms. Kaur in Sacramento, California on February 26, 2019. Ms. Kaur subsequently filed an I-130 Petition for Alien Relative ("Kaur I-130 Petition") on Mr. Singh's behalf on April 15, 2019.

35. On August 27, 2020, Ms. Kaur and Mr. Singh appeared for an interview in connection with the Kaur I-130 Petition.

36. On November 16, 2020, the USCIS issued a Notice of Intent to Deny ("NOID"), informing Plaintiffs that the USCIS was inclined to deny the Kaur I-130 Petition because it appeared to be prohibited under INA § 204(c).

37. On February 12, 2021, the Plaintiffs responded to the NOID with more documentation seeking to invalidate USCIS's belief that his previous marriage had been fraudulent.

38. On March 17, 2021, USCIS informed Plaintiffs that the Kaur I-130 Petition had been denied. Though the Decision cited many positive equities in favor of believing that the marriage had been bona fide, the USCIS nevertheless denied the petition due to Ms. Johnson-Jones's statement that she had made on January 21, 2014.

39. Plaintiffs then appealed the adverse action with USCIS and the Board of Immigration Appeals on April 9, 2021.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. It is a generally recognized prudential requirement of administrative law that administrative remedies should be exhausted before an appeal is filed in federal court. However, the "INA does not require aliens to appeal denials of spousal immigration petitioners to the BIA before seeking relief in federal court." *Bangura v. Hansen*, 434 F.3d 487, 498 (6th Cir. 2006). *See also* 8 C.F.R. § 103.3(a)(ii) (providing that a party "may" appeal to the BIA).

41. Although they were not required to, on April 9, 2021, the Plaintiffs filed an appeal with the BIA of the adverse March 17, 2021 decision of the USCIS Field Office Director of the Lawrence District Office denying the Kaur I-130 Petition. *Darby v. Cisneros*, 509 U.S. 137, 153-54 (1993); *Ore v. Clinton*, 675 F.Supp.2d 217, 223 (D. Mass 2009) (affirming that in cases seeking

judicial review pursuant to the APA, a plaintiff is not required to exhaust non-mandatory administrative remedies).

## COUNT ONE
### (Violation of The Administrative Procedure Act)

42. Plaintiffs repeat, allege, and incorporate the foregoing paragraphs as if fully set forth herein.

43. Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et. seq.* The USCIS Decision denying Plaintiffs' I-130 Petition violated the governing statute and regulations, is arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with the law.

44. The decision denying Plaintiffs' I-130 Petition was improper, as USCIS based its conclusions on conjecture and speculation instead of fact.

45. USCIS's denial of the Kaur I-130 Petition failed to reach an independent conclusion based on the evidence and violated Matter of Tawfik, which held that "the district director should not give conclusive effect to determination made in prior proceedings, rather, should reach an independent conclusion on the evidence of record." 20 I&N Dec. 166 (BIA 1990).

46. The Decision denying Plaintiffs' I-130 Petition on the basis of INA § 204(c) was improper because Mr. Singh's record does not contain substantial and probative evidence that he attempted to or conspired to enter into a marriage for the purpose of evading immigration laws.

47. Defendants acted arbitrarily, capriciously, and contrary to law in violation of the Administrative Procedures Act by failing to act on Plaintiffs' I-130 Petition.

48. Plaintiffs have exhausted all administrative remedies available to them as of right.

49. Plaintiffs have no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

Wherefore, the Plaintiffs pray that this Court grant the following relief:

a. Declare that USCIS denial of Plaintiffs' Form I-130 Immigrant Petition for Alien Relative is unlawful, order USCIS to readjudicate and approve the I-130 Petition in a proper and lawful manner;

b. Declare that USCIS's conclusion that INA § 204(c) precluded approval of Plaintiffs' I-130 Petition violated the statute, governing regulations, and Board of Immigration Appeals precedent;

c. Declare that there is not substantial and probative evidence supporting a decial of the I-130 Petition pursuant to INA § 204(c);

d. Award attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504; and,

e. Order any further relief this Court deems just and proper.

Dated: April 15, 2021

Respectfully Submitted,

_____
Rachel L. Rado, Esq. | BBO #: 682095
Attorney for the Plaintiff
Law Offices of Rachel L. Rado
100 State Street, 3rd Floor
Boston, MA 02109
Tel: 617-871-6030
Email: rachel@rachelradolaw.com